UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABEDINO KONE,
        Petitioner,

v.                                         CASE NO. 2:08-CV-10049
                                         HONORABLE PATRICK J. DUGGAN

KENNETH ROMANOWSKI,
        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY

Abedino Kone ("Petitioner"), a Michigan prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner challenges his sentence of 50 months to 20 years imprisonment following his 2006 plea of no contest in the Genesee County Circuit Court to conspiracy to arson a dwelling house in violation of Michigan Compiled Laws §§ 750.72 and 750.157a. Specifically, Petitioner challenges the trial court judge's upward departure from the sentencing guidelines of 21 to 35 months. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus.

### I. Facts and Procedural History

Petitioner's conviction arises from his payment to another individual, Jonathon Paul Miller, to fire bomb the home of George Diakite on February 26, 2006. Petitioner had engaged in a romantic relationship with Diakite's estranged wife; Diakite and his wife had began to reconcile prior to the incident. A confidential informant gave the police information leading police to Mr. Miller. When questioned, Miller stated that Petitioner had paid him to fire bomb Diakite's home.

On June 12, 2006, Petitioner was arraigned on charges of arson of a dwelling house and conspiracy to arson a dwelling house, both punishable by up to 20 years in prison. Mich. Comp. Laws §§ 750.72 and 750.157a. On October 30, 2006, Petitioner pleaded no contest to the conspiracy to arson a dwelling house charge. In exchange, the prosecutor dismissed the arson of a dwelling house charge. On December 1, 2006, the parties appeared for sentencing where Petitioner was subject to a guideline range of 21 to 35 months imprisonment under the Michigan Sentencing Guidelines.

At the sentencing hearing, the trial court noted that Petitioner's sentencing guideline range was less than his co-defendant, Miller, because Petitioner had no prior criminal record whereas Miller did. However, the court examined Miller's previous crimes and concluded that they were non-violent misdemeanors that did not justify a lower sentence for Petitioner. (12/1/06 Tr. at 24.) The court expressed its view that, but for Petitioner's actions, Miller would have never committed the crime. (*Id.* at 21-23.) In the court's view, sentencing Petitioner less than his accomplice therefore would be "inappropriate." (*Id*. at 23.) The court also found Petitioner's reason for committing this crime– his involvement with the victim's wife and heartbreak due to her reconciliation with her husband– inexcusable. For these reasons, the court departed upward from the sentencing guidelines and imposed a term of imprisonment of 50 months to 20 years. (*Id*. at 25.)

On June 5, 2007, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claim:

> The trial court erroneously departed from the sentencing guidelines of 21 to 35 months, in order to impose a 50 month minimum term where the reasons given by the court: (i) were already accounted for within the guidelines, (ii) were not substantial and compelling but subjective in nature, and (iii) a Sixth Amendment issue is implicated.

The Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Kone,* No. 278008 (Mich. Ct. App. filed June 14, 2007) (unpublished). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which the Court denied on October 31, 2007. *People v. Kone,* 480 Mich. 929, 740 N.W.2d 301 (2007).

Petitioner thereafter filed his federal habeas petition, asserting the same claim that he raised on direct appeal. Respondent filed an answer to the petition arguing that the claim lacks merit.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme]

Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

### III. Analysis

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines and failed to state compelling reasons to justify the departure is not a cognizable claim on federal habeas review, because it is basically a state law claim. *Howard v. White*, 76 F. App'x. 52, 53 (6th Cir. 2003); *see also Coy v. Renico*, 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). "In short, [P]etitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Moreover, a sentence that falls within the maximum penalty authorized by statute generally does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Austin v. Jackson*, 231 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Accordingly, any error in the trial court's departure above the guideline range does not merit habeas relief.

Petitioner's argument that his sentence violated Supreme Court precedent, specifically *Blakely v. Washington*,[1] because the trial court relied on facts not found by the jury to depart upward also lacks merit. The Court's decision in *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan. *See Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010).

## IV. Conclusion

---

[1] 542 U.S. 296, 124 S. Ct. 2531 (2004).

For the reasons set forth above, this Court holds that Petitioner is not entitled to habeas relief based on his claim that the state trial court improperly departed above the sentencing guidelines range. The Court also concludes that Petitioner is not entitled to a certificate of appealability with respect to this claim. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). This Court does not find that reasonable jurists would find its assessment of Petitioner's claim debatable or wrong.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is not entitled to a certificate of appealability.

DATE: July 22, 2010                             s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Abedino Kone, #626167
c/o Flint Parole Office
G3310 Corunna Road
Flint, MI  48532

Laura A. Cook. Esq.